J-S05031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RONA MUSTIN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWIN HART, | : | |
| | : | |
| Appellant | : | No. 732 WDA 2017 |

Appeal from the Order Entered April 21, 2017
in the Court of Common Pleas of Allegheny County
Civil Division at No(s):  Case No. FD98-09519-005
PACSES No. 694112986

BEFORE:   OLSON, OTT, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 20, 2018**

Edwin Hart (Husband) appeals from the order entered on April 21, 2017, which found him in civil contempt. Upon review, we remand with instructions.

Husband and Rona Mustin (Wife) were divorced by a decree entered on January 15, 1999.  As part of a valid marriage settlement agreement, Husband agreed to pay Wife non-modifiable lifetime alimony. Subsequently, Wife filed a motion for contempt, and the trial court held a hearing on that motion on April 21, 2017.

After the hearing, the trial court entered an order finding Husband in contempt.  Specifically, the trial court ordered that Husband "shall be confined to the Allegheny County Jail, with leave to be released to alternative housing

_____

* Retired Senior Judge assigned to the Superior Court.

… for a period of 6 m[on]ths, or until such time as [he] obtains full-time, wage-attachable employment … OR pays a lump sum of $5000 to the Court." Order, 4/21/2017. Husband timely filed a notice of appeal. The trial court did not order Husband to file a concise statement of errors complained of on appeal, but the trial court did author an opinion.

On appeal, Husband argues that the trial court erred by ordering too high a purge amount without evidence of Husband's ability to pay. Husband's Brief at 1 (unnumbered). Before we are able to reach this issue, we point out that there are deficiencies in the certified record preventing our review of this claim.

"[I]t is [an] appellant's responsibility to supply this Court with a complete record for purposes of review. [A] failure by ... appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue[s] sought to be examined." *Cade v. McDanel*, 679 A.2d 1266, 1268-69 (Pa. Super. 1996) (internal citations and quotation marks omitted). Instantly, the certified record on appeal is missing Wife's motion for contempt and the transcript from the April 21, 2017 contempt hearing.[1] Both of these items are critical to

_____

[1] Portions of the transcript are contained in the reproduced record. However, the issue presented on appeal requires that this Court review the entire transcript. Furthermore, even if those portions were sufficient for us to conduct a review, inclusion of a document in the reproduced record does not remedy the situation. *See Gocek v. Gocek*, 612 A.2d 1004, 1006 n.5 (Pa.

- 2 -

review the merits of this case. Therefore, we remand and provide counsel for Husband thirty days to file the motion and transcript with the trial court.[2] The trial court shall then forward them to this Court forthwith. The failure to comply with this remand will result in the waiver of Husband's issue on appeal and the affirmance of the trial court's order.

Remanded with instructions. Panel jurisdiction retained.

_____

Super. 1992) ("Under our Rules of Appellate Procedure, those documents which are not part of the 'official' record forwarded to this Court are considered to be non-existent, with the result that those claims raised therein are considered waived. And, these deficiencies may not be remedied by inclusion in a brief in the form of a reproduced record." (internal citations omitted)).

[2] In addition, the certified record does not contain the support order from which this appeal is taken. This Court issued a rule to show cause on June 5, 2017 regarding this deficiency, and counsel for Husband responded by a letter filed on June 9, 2017. Counsel averred that the order is docketed in a "'social file' which is not on the public Department of Court Records file." Letter, 6/9/2017. Ideally, counsel could use this opportunity to ensure that this order is filed in a manner that it, too, can be transmitted to this Court.